UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUDY K. COLVARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00774-SEB-TAB |
| | ) | |
| CAROLYN COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel April 28, 2015, for an oral argument on Plaintiff's brief in support of appeal. Set forth below is the Court's oral ruling from the bench following that argument. This ruling recommends that the decision of the Commissioner be affirmed, and that Plaintiff's brief in support of appeal [Filing No. 15] be denied.

THE COURT: All right, back on the record. I want to give you my recommended decision in this case.

By way of background, the Plaintiff, Judy Colvard, filed an application for Disability Insurance Benefits and Supplemental Security Income alleging disability since January 1st, 2006. The Commissioner denied her application initially and on reconsideration.

On September 18, 2012, Plaintiff appeared with her attorney before an administrative law judge for a hearing at which she testified, as did a vocational expert. On October 11, 2012, the ALJ denied Plaintiff's application. The ALJ found that Plaintiff had the following severe impairments: degenerative disk disease of the lumbar spine, diabetes mellitus, hypertension, asthma, and morbid obesity.

The ALJ concluded that the Plaintiff had the residual functional capacity to perform light work with additional limitations. The ALJ then concluded Plaintiff is capable of performing past relevant work as a warehouse worker, which is medium work; and as a hotel housekeeper, which is light work. The Appeals Council denied Plaintiff's request for review and this appeal followed.

The ALJ obviously erred in finding Plaintiff could perform her past relevant work as a warehouse worker. The ALJ found that the work Plaintiff performed in this regard is medium work, which is more demanding than light work. The ALJ found Plaintiff had the RFC to perform only light work, so it was error for the ALJ to conclude Plaintiff could work as a warehouse worker.

However, the ALJ found, as well, that Plaintiff could perform her past relevant work as a hotel housekeeper. This is light work. The question then is whether this finding is supported by substantial evidence. Plaintiff argues that it is not, because the ALJ did not adequately evaluate the combined impact of Plaintiff's obesity and back impairment when determining her RFC and credibility and did not otherwise properly consider Plaintiff's activities of daily living. I find the ALJ did not err in his treatment of Plaintiff's obesity.

The ALJ acknowledged that Plaintiff's obesity was a severe impairment and explicitly considered Plaintiff's obesity at Step Three in the RFC assessment. Further, the ALJ considered Plaintiff's obesity in conjunction with her coexisting impairments and expressly noted that Plaintiff's obesity further complicated her overall physical limitations. Record at 20 through 25.

However, in assessing the combined effects of Plaintiff's obesity, the ALJ noted consistent clinical observations of Plaintiff's normal gait and station, including the ability to walk on her toes and heels. Record at 24.

Additionally, the ALJ discussed consultative examiner Dr. Mark Allen's findings that Plaintiff presented no difficulty getting on or off the examination table, her ability to perform a full squat, and that she had no issues bending over and attending to her footwear. The ALJ also reasonably considered the sparse conservative treatment of Plaintiff's back impairment during the period at issue. Record at 23 through 24, and 26. As Plaintiff admitted at oral argument, Plaintiff has not had any active treatment for her back since after 2006. Further, the ALJ noted that no treating or examining medical source had specifically attributed any additional or cumulative limitations as a result of Plaintiff's obesity. Record at 22.

Although primary care physician, Dr. Cobb, completed medical source statements reflecting a virtual inability to sustain almost all work activity, the ALJ gave minimal consideration to these opinions, noting Dr. Cobb's specific advisement that these responses were based solely on Plaintiff's subjective responses to the specific questions. As Plaintiff confirmed at oral argument, Plaintiff does not contest the ALJ's evaluation of this opinion. Thus, there was no compelling opinion to the contrary. The ALJ reasonably relied upon the opinion of the state agency medical consultant, M. Ruiz, M.D., who expressly considered Plaintiff's height and weight in the assessment of her residual functional capacity. Record at 25 through 26 and 395 through 402.

Plaintiff argues that pursuant to *Goins v. Colvin*, 764 F.3d 677 (7th Cir. 2014), she should be found unable to stand and walk for six hours in an eight-hour day based on this record. However, the *Goins* court did not find Plaintiff incapable of standing and walking for six hours in an eight-hour day based solely on her BMI. In reversing the decision below, the Seventh Circuit in *Goins* noted clinical evidence of an abnormal gait, found the state agency opinions to be inadequate, and found the ALJ's consideration of the aggregate effects of Goins' obesity

3

insufficient. *Goins* does not stand for the proposition that a person with a lumbar impairment and a predetermined BMI could never stand and/or walk for six hours in an eight-hour day. *See also Stephenson v. Colvin*, 2014 Westlaw 4250344, at *3 (S.D. Ind. Aug. 27, 2014) (finding adherence to *Goins* does not substitute for an explanation by the plaintiff as to how his obesity further impaired his ability to work and concluding no basis existed to overcome the ALJ's obesity assessment).

Likewise, in this case, Plaintiff has not met her burden of establishing how obesity affected her functional ability. Like the plaintiff in *Stephenson*, Plaintiff has demonstrated generally normal physical findings and has not explained how her obesity further impaired her ability to work. Unlike the plaintiff in *Goins*, who presented evidence of a worsening lumbar impairment and a newly diagnosed condition that was not addressed by the ALJ, Plaintiff has not pointed to any significant evidence not considered by the ALJ in assessing her obesity. Thus, Plaintiff's argument on the issue of obesity falls short.

I also find that the ALJ's credibility determination was not patently wrong and that the ALJ sufficiently, if minimally, considered Plaintiff's activities of daily living. The ALJ gave sufficient reasons to provide a sense of how he assessed Plaintiff's credibility and her daily activities. First, the ALJ did not totally discount Plaintiff's testimony regarding how her symptoms affected her ability to perform certain activities. Second, the ALJ considered a multitude of factors in assessing Plaintiff's credibility. For example, the ALJ considered Plaintiff's sparse and conservative treatment history for her back; clinical observation of a normal gait, station, and mobility; clinical evidence that her chronic conditions of asthma, hypertension, and diabetes were generally well controlled; and generally normal musculoskeletal findings.

4

As for her activities of daily living, the ALJ specifically discussed these. Record at 23 and 26 through 27. The ALJ specifically noted that Plaintiff lived alone for a number of years on the second floor of a building with no elevator. The ALJ noted Plaintiff performed household chores with breaks and prepared simple meals, did the laundry with the help of her daughter, took care of her personal hygiene, and also drove. In addition, she ascended and descended a flight of stairs daily with rest.

Diagnostic imaging showing general stability and even improvement of Plaintiff's lumbar impairment is also in the record. Additionally, the ALJ gave substantial weight to the uncontradicted assessments of state agency medical consultants, which provided substantial evidence for the ALJ's RFC. Record at 23 through 27.

In conclusion, while the ALJ erred in finding Plaintiff could perform her past relevant work as a warehouse worker, it was not error for the ALJ to conclude Plaintiff could perform her past relevant work as a hotel housekeeper. The job is considered to be light work and, as set forth above, the ALJ adequately evaluated the combined impact of Plaintiff's obesity and back impairment in determining her RFC and credibility. The ALJ's consideration of Plaintiff's activities of daily living were minimal, but adequate enough to support the decision on this record. Thus, the ALJ's decision is supported by substantial evidence and should be affirmed.

I will ask the court reporter to transcribe that portion of the record that reflects this recommended decision and have that filed on the docket. Any objection to that would need to be filed within 14 days after that is filed on the docket. Thank you very much for your arguments.

MR. SCHNAUFER: Thank you.

MR. ALESIA: Thank you, Your Honor.

(Proceedings adjourned at 11:25 a.m.)

Dated: 5/1/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Eric E. Schnaufer
eric@schnaufer.com

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Brian J. Alesia
OFFICE OF REGIONAL CHIEF COUNSEL FOR SOCIAL SECURITY
brian.alesia@ssa.gov

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE
jill.julian@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov