UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUDY K. COLVARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00774-SEB-TAB |
| | ) | |
| CAROLYN COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Judy Colvard not entitled to disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382(a). After Ms. Colvard's applications for DIB and SSI were denied initially and on reconsideration, an Administrative Law Judge ("ALJ") found that Ms. Colvard was severely impaired by degenerative disease of the lumbar spine, diabetes, hypertension, asthma, and obesity, but that she was capable—even with her impairments—of performing past relevant work available in the national economy. R. at 19-28. This case was referred for consideration to Magistrate Judge Baker, who, on May 1, 2015, issued a Report and Recommendation that the Commissioner's decision with regard to Ms. Colvard's ability to perform light work be upheld because it was supported

by substantial evidence and in accordance with law. This cause is now before the Court on Ms. Colvard's Objections to the Magistrate Judge's Report and Recommendation.

## I.     Applicable Law and Standard of Review

To be eligible for DBI and SSI benefits, a claimant must prove that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A physical impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a claimant's statement of symptoms." 20 C.F.R. § 404.1508.[1]

The Social Security Administration has implemented these statutory standards in part by prescribing a "five-step sequential evaluation process" for determining disability. These steps involve a determination whether the claimant:  (1) is currently unemployed; (2) has a severe impairment; (3) has an impairment that meets or equals one of the impairments listed as disabling in the Commissioner's regulations; (4) is unable to perform her past relevant work; and (5) is unable to perform any other work in the

---

[1] We cite to the regulations governing the determination of disability for purposes of DBI, which are substantially similar to the SSI regulations at 20 C.F.R. § 416.901 *et seq.*

national economy. 20 C.F.R. § 404.1520; *see, e.g., Simila v. Astrue*, 573 F.3d 503, 512–13 (7th Cir. 2009). If disability status can be determined at any step in the sequence, an application will not be reviewed further. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at steps one through four. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*. Fed. R. Civ. Pro.

72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

## II. Discussion[2]

The ALJ went through the first four steps of the five-step analysis required by 20 C.F.R. § 404.1520(a). This appeal involves the fourth step of the sequential evaluation process, which addresses whether a claimant is capable of performing past relevant work given her Residual Functional Capacity ("RFC"). RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related limitations. 20 C.F.R. § 1545. After considering Ms. Colvard's testimony and the evidence of record, the ALJ determined that Ms. Colvard was physically capable of performing light work as defined by 20 C.F.R. § 404.1567(b), and that Ms. Colvard's allegations as to the intensity of her pain and the severity of her limitations were not credible insofar as they conflicted with her ability to perform light work. R. at 22-28; Rep. at 1, 3-5.

Ms. Colvard raises essentially one main objection to the Report and Recommendation to uphold the Commissioner's decision, that is, that the Magistrate

---

[2] Because the facts are sufficiently laid out in the ALJ's opinion, the parties' briefing, and the Magistrate Judge's Report and Recommendation, we need not reiterate them in full here. We recount facts only as necessary to address Ms. Colvard's objections to the Report and Recommendation.

Judge wrongly accepted the ALJ's assessment of her spinal impairment in combination with the fact that she is obese in making the RFC and credibility determinations at the fourth step of the sequential evaluation process. Pl. Objections at 1-2, 4-10. As the sole challenge to the Report and Recommendation, we address only Ms. Colvard's arguments in this regard, deferring to all other conclusions set forth in the Magistrate Judge's Report and Recommendation.[3] Ms. Colvard's arguments stemming from her primary challenge to the Report and Recommendation are addressed in turn below.

### A.     The ALJ's evaluation of Ms. Colvard's physical impairments combined with her obesity

Ms. Colvard objects to the Magistrate Judge's acceptance of the ALJ's finding that Ms. Colvard could perform past relevant work as a hotel housekeeper. She contends that "the ALJ's evaluation of Ms. Colvard's combined extreme obesity and lumbar-spine degenerative disc disease" is inconsistent with the Seventh Circuit's decision in *Goins v. Colvin*, 764 F.3d 677 (7th Cir. 2014). Pl. Objections at 2, 4-8. At the outset, she contends that the Magistrate Judge misstated her position as asking the Court to rule that she could not stand and/or walk for six hours a day. Pl. Objections at 4-5. It does not appear that the Magistrate Judge misunderstood Ms. Colvard's arguments or misconstrued them in any way. Report and Recommendations at 2 ("Plaintiff argues that [the ALJ's finding is not

---

[3] The ALJ found that Ms. Colvard is capable of performing past relevant light work as a as a hotel housekeeper, but also of performing more demanding past work, that of warehouse worker. The Magistrate Judge, however, concluded that the ALJ erred with respect to the latter finding. Rep. at 2. Ms. Colvard, of course, does not object to this conclusion (Pl. Objections at 2, n.1), so we simply adopt this aspect of the Magistrate Judge's Report and Recommendation.

supported by substantial evidence] because the ALJ did not adequately evaluate the combined impact of Plaintiff's obesity and back impairment when determining her RFC and credibility and did not otherwise properly consider Plaintiff's activities of daily living."), 3-4.

Contrary to Ms. Colvard's assertions (Pl. Objections at 6-7), we do not read *Goins*, 764 F.3d at 677, to foreclose the conclusions reached by the ALJ and the Magistrate Judge. In *Goins*, 764 F.3d at 679-82, the Seventh Circuit held that an ALJ provided unsound reasons in support of the conclusion that Ms. Goins exaggerated her degree of pain stemming from her spinal impairment. Specifically, the *Goins* Court observed that the ALJ failed to consider Ms. Goins's obesity in combination with her other impairments and to use a critical medical report, which showed a worsening of Ms. Goins's spinal problems, in assessing Ms. Goins's testimony. 764 F.3d at 681-82. Consequently, the Seventh Circuit reversed the District Court with instructions that the case be remanded to the agency for "a more careful evaluation." *Id.* at 682.

Ms. Colvard seeks to assimilate herself to the claimant in *Goins*, arguing that the outcome in her case should be the same as in that decision. *See* Pl.'s Objections at 5 ("[t]he ALJ did not explain adequately how a BMI in the low- to mid-50s did not corroborate Colvard's statements about her abilities to stand and walk"). But her reliance on this case is misplaced. First, Social Security Ruling 02-01p makes clear that, Body Mass Index, BMI, the mode used to classify obesity, does not correlate with any specific degree of functional loss. More to the point, as set forth above, the *Goins* Court confronted an ALJ's failure to address Ms. Goins's obesity, along with evidence of both a

6

worsening spinal condition and of another impairment that could affect Ms. Goins's preexisting spinal impairment. 764 F.3d 679-82.

Here, by contrast, the ALJ explicitly noted that Ms. Colvard's obesity is a severe impairment and expressly considered it in conjunction with Ms. Colvard's other impairments when making the RFC determination. R. at 20-21, 22 ("Obesity may have an adverse effect upon co-existing impairments"), 24-25. And the ALJ acknowledged that obesity may lead to diminished activity on a long-term basis, taking this fact into account in making findings in Ms. Colvard's case. R. at 22. Further, in assessing Ms. Colvard's obesity in conjunction with her spinal problems, the ALJ pointed to independent medical evidence showing that Ms. Colvard walked with a normal gait and station, was able to walk on her heels and toes, and could bend over, squat, and get up to an exam table normally. R. at 23-26. The ALJ also pointed to the "sparse treatment" required for Ms. Colvard's back and spinal impairment since 2006. R. at 24, 26. Finally, Ms. Colvard did not point to any additional or cumulative limitations as a result of her obesity (R. at 22). *See Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (finding no error in an ALJ's failure to mention obesity as the claimant did not explain how his obesity would have affected the ALJ's five-step analysis). We agree for all the reasons set forth in the Magistrate Judge's well-reasoned Report and Recommendation that the ALJ did not err in his evaluation of Ms. Colvard's obesity and that the RFE determination be affirmed.

### B. The ALJ's credibility determination

Ms. Colvard also appears to object to the Magistrate Judge's recommendation to uphold the ALJ's determination that Ms. Colvard's allegations as to the severity and effect of her impairments were not credibly grounded in the record. Pl. Objections at 8-10. Specifically, according to Ms. Colvard, the ALJ "unreasonably maintained that Colvard's minimal activities of daily living and climbing stairs to her apartment were evidence that she could do full-time work in the 'light' exertional range[.]" We disagree.

The process of judicial review acknowledges that the ALJ is in the best position to assess a witness's honesty. Thus, credibility determinations are given "special deference" and will be affirmed unless "patently wrong." *Powers v. Apfel,* 207 F.3d 431, 435 (7th Cir. 2000) A court accords a lesser degree of deference where "the determination rests on 'objective factors or fundamental implausibilities rather than subjective considerations.'" *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir. 2004) (internal citation omitted). The ALJ must provide a basis for his credibility evaluations with specific reasons that are supported by the record. *Brindisi ex rel. Brindisi v. Barnhart,* 315 F.3d 783, 787 (7th Cir. 2003).

To the extent that Ms. Colvard seeks to challenge the ALJ's credibility determination regarding her ability to perform light work (Pl. Br. at 12-14; Pl. Objections at 8-10), that determination was supported by substantial evidence and was not patently incorrect. The ALJ marshalled a number of factors in rendering his credibility assessment. R. at 23-27. For example, while explicitly considering Ms. Colvard's testimony that she was in continuous pain and spent the majority of the day on the couch,

the ALJ highlighted Ms. Colvard's sparse and conservative treatment history for her back pain; clinical evidence of normal gait, station, and mobility; evidence that her chronic conditions were medically controlled; normal musculoskeletal findings; the stable nature of her spinal impairment; and her ability to live alone for the past five years and to perform certain household chores and activities, including ascending a flight of stairs, on a daily basis with rest. R. at 23, 26-27.

Contrary to Ms. Colvard's assertion, the ALJ did not misapply Ms. Colvard's testimony as to her daily activities. Instead, the ALJ properly acknowledged Ms. Colvard's testimony and allegations as to the intensity of her pain and the severity of her physical limitations. R. at 22-27. Given Ms. Colvard's testimony that she had lived alone for several years on the second floor of a building accessible only by stairs, and that she could perform a limited amount of housework at a time, however, the ALJ reasonably concluded that the RFC determination limiting Ms. Colvard to light work was supported by the record and that the record did not credibly support her allegations of the severity of her limitations. R. at 26-27. Accordingly, this case is not one in which the ALJ conflated the ability to perform certain daily activities with the ability to perform certain light work activity. Pl. Objections at 8-10; *see Bjornson v. Astrue*, 671 F.3d 640, 649 (7th Cir. 2014) (holding that an ALJ failed to recognize the differences between daily living activities and those of a full-time job and listing related cases). In sum, we affirm the credibility determination because the ALJ "buil[t] an accurate and logical bridge" from the evidence in the record to his final conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).

### III.     Conclusion

We find that Ms. Colvard's objections to the Magistrate Judge's Report and Recommendation lack merit. The ALJ's decision finding Ms. Colvard capable of performing light work was supported by substantial evidence, and the Seventh Circuit's decision in *Goins*, 764 F.3d at 677, does not change the outcome. Relatedly, her challenge to the ALJ's evaluation to her credibility must be rejected. Accordingly, Ms. Colvard's objections to the Magistrate Judge's well-reasoned Report and Recommendation are OVERRULED and we ADOPT the recommendations set forth in his Report.

IT IS SO ORDERED.

Date:     9/30/2015

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. Frank Hanley, II
jfrankhanley@jfrankhanley.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov